IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND, <br>           Plaintiff, <br><br> v. <br><br> PETERSON PARKING LOT STRIPING, INC. <br><br>           Defendant. | ) <br> ) <br> ) <br> ) <br> )   No.  19-4171 <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COMES plaintiff, ILLINOIS STATE PAINTERS WELFARE FUND, by its attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, PETERSON PARKING LOT STRIPING, INC., and allege as follows:

### Jurisdiction

1.　This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2.　This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action.  (*See* 29 U.S.C. §1132).

### Venue

3.　Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered.  *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because defendant resides or can be found in Rock Island County, Illinois, which is located within the judicial district of the district court for the Central District of Illinois, Rock Island division.

## PARTIES

5. The Illinois State Painters Welfare Fund is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated.

6. A copy of the pertinent provisions of the trust agreement for plaintiff is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

7. Plaintiff provides health, welfare and other benefits to the employees of participating employers who pay fringe benefit contributions to the plaintiff on behalf of their employees.

8. Plaintiff receives contributions from numerous employers, and is multiemployer plan under the provisions of ERISA. (*See* 29 U.S.C. §1002).

9. Defendant Peterson Parking Lot Striping, Inc. is an Illinois corporation that operates and/or operated out of Carbon Cliff, Illinois.

## Factual Allegations

10. Defendant is a party to a collective bargaining agreement with the local union, under which defendant is required to report hours and pay contributions to the plaintiff (a copy of the applicable collective bargaining agreement is attached hereto as Exhibit "B" and is fully incorporated herein and made a part hereof by this reference).

11. The collective bargaining agreement binds defendant to the provisions of the trust agreement of the plaintiff.

12. Defendant employs or has employed members of the local union, who are also participants in the employee benefit funds administered by the plaintiff pursuant to the collective bargaining agreement to which defendant is a party or otherwise bound.

13. Defendant has employed individuals who performed hours of bargaining unit work for which fringe benefit contributions are owed to the plaintiff under the provisions of the collective bargaining agreement and trust agreement.

14. Defendant is required under the collective bargaining agreement and trust agreement to pay contributions to plaintiff for the hours of bargaining unit work performed by its employees each month.

15. Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the trust agreements. *See* 29 U.S.C. §1145.

16. Defendant is required under the collective bargaining agreement and trust agreements to provide plaintiff with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

17. Defendant's remittance reports with payment of fringe benefit contributions owed are due to the plaintiff by the 15th day of the month following the month in which the hours were worked by defendant's employees.

**COUNT I**
**Compel Accounting / Delinquent Contributions**

1-17. Plaintiff re-asserts and re-alleges paragraphs 1 through 17 as paragraphs 1 through 17 of count I as if fully set forth herein.

18. Defendant's has failed to provide plaintiff with remittance reports with payment of fringe benefit contributions owed are due to the plaintiffs by the 15th day of the month following the month in which the hours were worked by defendant's employees for the months of July 2018 to the present date.

19. Defendant has failed to report all hours of bargaining unit work performed by its employees and make payment to plaintiff for all contributions due for these hours as required under the collective bargaining agreement for the months of July 2018 to the present date.

20. Defendant breached the provisions of the collective bargaining and trust agreement by failing to timely report hours worked by its employees and paying the contributions that were owed to the plaintiff.

21. Having reported some hours worked by its employees and paying some contributions owed to plaintiff, defendant has demonstrated an awareness of its contractual and legal obligations under the collective bargaining agreement and trust agreement.

22. Despite knowledge of its obligations to report hours worked and pay contributions owed to plaintiff, defendant has failed to timely report hours worked and pay contributions owed to plaintiff.

23. Pursuant to the trust agreement and under ERISA, plaintiff has the right to examine the payroll books and records of the defendant to confirm the accuracy of defendant's reporting of

hours worked and gross wages earned, and to determine whether the defendant has paid plaintiffs all fringe benefit contributions and work dues owed.

24. Plaintiff demanded that defendant provide access to its relevant payroll and other business records for purposes of an audit for the period of January 1, 2015, to a current date to be established by plaintiff's auditor, but defendant has refused to provide plaintiff with access to its payroll and other business records for purposes of an audit.

25. Defendant breached the provisions of the trust agreement and ERISA by refusing to provide plaintiff access to its payroll and other business records for purposes of an audit.

26. Defendant owes plaintiff fringe benefit contributions for all hours of work performed by its employees for the period of January 1, 2015, to present that defendant did not report to plaintiff, or reported without paying fringe benefit contributions.

27. To the extent unpaid contributions are determined to be owed to plaintiff under the audit, defendant breached the provisions of the collective bargaining agreement and trust agreement by underpaying the fringe benefit contributions that were owed to the plaintiff for hours of work by its employees for the period of January 1, 2015, to present.

28. Pursuant to the terms of the collective bargaining agreement and trust agreement, the defendant is liable for interest, liquidated damages, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiff in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A. That defendant is ordered to provide and/or make available to plaintiff or its auditor, all of defendant's payroll and other business records for the period of January 1, 2015, through a

future date determined by plaintiff or its auditor;

B.  That plaintiff is granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the period of January 1, 2015, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiff is entitled to pursuant to the trust agreement, labor agreements and ERISA;

C.  That judgment is entered in favor of plaintiff and against defendant for all fringe benefit contributions, interest and liquidated damages owed to plaintiff for the period of January 1, 2015, through a future date including without limitation the ending date of any payroll compliance audit, as determined by payroll compliance audit or otherwise;

D.  That defendant be decreed to pay to the plaintiff all such monies determined to be due and owing to plaintiff at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E.  That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

F.  That defendant is decreed to pay all costs attendant to these proceedings;

G.  That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the labor agreements, the trust agreement or as is otherwise just and equitable.

ILLINOIS STATE PAINTERS WELFARE FUND, Plaintiff,

By:    s/ John P. Leahy
      JOHN P. LEAHY
      CAVANAGH & O'HARA LLP
      Attorneys for Plaintiffs
      2319 West Jefferson Street
      Springfield, IL 62702
      (217) 544-1771 – Telephone
      (217) 544-9894 – Facsimile
      johnleahy@cavanagh-ohara.com